```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION

DWAYNE J. JOHNSON,

        Plaintiff,
v.                              Case No.  8:11-cv-2372-T-33EAJ

CITY OF TAMPA,

        Defendant.
_____/
```

**ORDER**

This cause is before the Court pursuant to Defendant's Motion to Dismiss the Amended Complaint (Doc. # 22), filed on March 26, 2012. Plaintiff Dwayne J. Johnson filed a Response in Opposition to the Motion (Doc. # 24) on April 11, 2012. The Court held a hearing on the Motion on August 2, 2012. For the reasons that follow, and to clarify its oral ruling, the Court grants the Motion in part and denies it in part.

**I.   Background**

This matter involves alleged violations of Johnson's civil rights during employment, pursuant to Title VII, 42 U.S.C. § 2000e, the Civil Rights Act of 1871, 42 U.S.C. § 1981, and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.01, et seq. The original complaint also alleged violations of the Americans with Disabilities Act (ADA).

Johnson, who was employed by the City as a Lieutenant in the Tampa Police Department, filed suit in this Court pro se

on October 20, 2011. (Doc. # 1). The original complaint named the Tampa Police Department as Defendant and alleged that the Department discriminated and retaliated against Johnson based upon his race and perceived disability. The complaint further alleged that the Department violated the medical records provisions of the ADA by ordering Johnson to release his medical records to a city-contracted psychologist. Johnson also alleged that the Department created a hostile work environment and that its violations of Title VII resulted in his constructive discharge. He further asserted claims on behalf of similarly situated employees.

Johnson stated in the complaint that all conditions precedent to filing an employment discrimination suit had been fulfilled. On November 2, 2011, he filed as exhibits documentation related to charges he filed with the EEOC and similar correspondence. (Doc. # 4). Johnson also filed a motion for leave to proceed in forma pauperis (Doc. # 2), which was granted on November 7, 2011. (Doc. # 5).

The City of Tampa filed an Answer and Affirmative Defenses (Doc. # 9) and the City and the Tampa Police Department filed a motion to dismiss (Doc. # 10) on December 14, 2011. They argued, among other things, that the Police Department is not a legal entity capable of being sued. They

further argued that Johnson's class action allegations should be stricken as a pro se plaintiff may not represent a class.

Johnson obtained counsel sometime thereafter. On February 9, 2012, he filed an unopposed motion to amend the complaint (Doc. # 15), which this Court granted on February 10, 2012 (Doc. # 17). The Amended Complaint (Doc. # 18) was duly filed on February 24, 2012. Accordingly, the motion to dismiss was denied as moot on March 2, 2012. (Doc. # 19).

The Amended Complaint against the City alleges claims for violation of Title VII and § 1981 for failure to promote Johnson because of his race (Count I), race discrimination and fostering a hostile work environment in violation of the FCRA (Count II) and retaliation in violation of Title VII (Count III). It asserts in great detail the Department's allegedly discriminatory actions that began following Johnson's refusal to release his medical records in March 2008, and further alleges that Johnson was repeatedly passed over for promotion to Lieutenant from 2004 through 2006.

Johnson alleges that he received the highest score on a promotional exam administered in March 2004 but promotions to Lieutenant required an employee to have been ranked a Sergeant for a full year. Johnson would thus have been eligible for promotion on June 22, 2004. The Amended Complaint alleges that

the Police Chief promoted five less-qualified individuals to Lieutenant on June 20, 2004 -- just two days before Johnson would have been qualified. Johnson asserts that he was again passed over for promotion to Lieutenant on four occasions from April 2004 through April 2006, despite being the most-qualified candidate. Because promotional lists are only valid for two years, Johnson had to take the promotional exam again in May 2006. Despite his score of #3a, he was passed over for promotion again in October 2006. He was promoted to Lieutenant on April 22, 2007.

Johnson alleges that the Police Chief intentionally and repeatedly passed him over for promotion because of his race. He further alleges that he was retaliated against for his internal complaints and EEOC filings, and that the Department launched an internal investigation of him to limit his chances for promotion to Captain or Major and ultimately to facilitate his dismissal.

## II. Legal Standard

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009). While

4

such factual allegations need not be detailed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

"To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (internal quotations and citations omitted). A plausible claim for relief must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The Court notes that the Motion to Dismiss has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings.[1] "Rule 7(a)

---

[1] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent by such a motion."

defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). Although Johnson filed the Exhibits to the original complaint as a separate document, and did not attach them to the Amended Complaint, the Amended Complaint expressly references them. (Doc. # 18 at ¶ 3). Thus, the Court may consider the Exhibits without converting the Motion to Dismiss into one for summary judgment. See Fed. R. Civ. P. 10(c).

**III. Analysis**

The City moves to dismiss on the grounds that the Amended Complaint does not comply with the pleading requirements of Rule 8(a) and fails to state a plausible claim for relief. The City further argues that Johnson's § 1981 claim should be dismissed because such claims must be brought pursuant to § 1983, and that the § 1981 discrimination claim is barred by the four-year statute of limitations. Finally, the City contends that Johnson failed to exhaust administrative remedies as to the Title VII and FCRA claims because the EEOC charges did not claim failure to promote and were not timely filed relative to the failure-to-promote claim.

6

### A. <u>Rule 8 and Conclusory Allegations</u>

"Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotations and citations omitted). The City argues that the Amended Complaint does not comply with these requirements because it is neither short nor plain. Paragraphs 10 through 14 are single-spaced, encompass nearly a page each, and contain allegations of dubious relevance to the claim of failure to promote.

The single-spaced paragraphs do not comply with Local Rule 1.05(a). The court has further struggled to ascertain the relevance of some of the allegations, although Johnson argues that they show a pattern of discrimination. Nevertheless, the Court declines to dismiss the Amended Complaint for alleging too much information. Thus, the Court denies the Motion to Dismiss on this ground.

The City also argues that the Amended Complaint contains only conclusory allegations that Johnson was passed over for promotion to Captain or Major; Johnson provides facts solely

related to his promotion to Lieutenant. As noted above, however, paragraphs 10 through 14 detail a series of events that, Johnson contends, were engineered to undermine his opportunities for further advancement. Accepting these allegations as true, as the Court must at this stage of the proceedings, the Court finds that Johnson has stated a claim sufficiently plausible to withstand the Motion to Dismiss.

In Count III, Johnson alleges that the Department took "adverse employment action" against him in retaliation for his complaints. The City argues that Count III sets forth only a legal conclusion and broadly refers to the "above paragraphs," making it impossible for the City to form an answer. In the hearing on this Motion, Johnson stated that the "above paragraphs" referred to paragraphs 10 through 14, detailing events from December 2007 through July 2009.

The Court agrees that paragraphs 10 through 14, although densely detailed, do not precisely state a retaliation claim. However, letters sent by the EEOC in this matter amplify the allegations. In a Letter of Determination dated September 1, 2010, the EEOC found, among other things, that Johnson's refusal to turn over his medical records was protected by the ADA and that there was merit to Johnson's claims that the Department retaliated by charging him with insubordination and

suspending him. (Doc. # 4 at 6). The EEOC also found merit in Johnson's claims of retaliation based upon his unsatisfactory performance review, relief from supervisory responsibilities, internal affairs investigation and ultimate termination. (Id. at 7-8). Accepting these allegations as true, the Court finds that Johnson has stated a retaliation claim sufficiently plausible to withstand the Motion to Dismiss. The Court therefore denies the Motion as to these grounds.

### B.   Section 1981

The City argues that Johnson's § 1981 claim should be dismissed because such claims must be brought pursuant to § 1983. See Butts v. County of Volusia, 222 F.3d 891, 892-95 (11th Cir. 2000) (explaining that a claimant cannot proceed with a cause of action against a state actor based solely on § 1981). The Court agrees, and grants the Motion on this ground. Count I is therefore dismissed without prejudice with leave to amend.

### C.   Statute of Limitations

The City argues that Johnson's § 1981 discrimination claim is barred by the four-year statute of limitations. See Price v. M & H Valve Co., 177 F. App'x 1, 10 (11th Cir. 2006) (discussing that 28 U.S.C. § 1658 created a default four-year limitations period for certain § 1981 claims brought after

9

1990). Even considering that Johnson's claim should have been brought under § 1983, the Court agrees that a four-year limitations period applies. See City of Hialeah, Florida v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) (noting that § 1983 claims are subject to Florida's four-year statute of limitations).

In support of its argument that Johnson's claims are time-barred, the City points to Johnson's allegations that he was passed over for promotion from Sergeant to Lieutenant multiple times from April 2004 through October 2006. The Amended Complaint was filed on February 24, 2012, so any claims occurring prior to February 24, 2008, would be time-barred. The original complaint, which was filed on October 20, 2011, did not include claims for failure to promote; however, even using the date of that filing, any claims prior to October 20, 2007, would be time-barred.

The City further asserts that in paragraphs 9 and 15 of the Amended Complaint, Johnson alleges that he was denied career advancement to positions such as Captain or Major because of the failure to promote him to Lieutenant. The City then concludes that "all of the alleged conduct for which the Plaintiff bases his § 1981 failure to promote claims occurred prior to February 24, 2008." (Doc. # 22 at 7).

10

The City asserts that Johnson cannot rely on the doctrine of "continuing violation" to extend the statute of limitations as to his failure-to-promote claim. Failure to promote is a discrete act even if related to other alleged acts. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002); Gay v. AirTran Airways, Inc., 427 F. App'x 743, 745 (11th Cir. 2011).

The Court agrees that Johnson's allegations as to his promotion to Lieutenant represent discrete acts barred by the four-year statute of limitations. However, the Court must consider the Amended Complaint holistically. Johnson's § 1981 claim alleges the denial of "promotions" (plural) based upon his race. Paragraph 15 of the Amended Complaint asserts that the events of December 2007 through July 2009, discussed above, caused him to be a less-desirable candidate for future positions. This creates an inference, however bare, that Johnson was passed over for promotion sometime subsequent to December 2007.[2]

If Johnson's failure-to-promote claim were based solely upon events occurring prior to February 2008, the claim would

---

[2] During the hearing on the Motion to Dismiss, the City argued that Johnson's allegations as to future promotions relate only to damages. However, the City did not raise this argument in the Motion.

11

be time-barred.[3] However, the Court cannot ignore allegations suggesting that Johnson's claim is based upon later events. At this stage of the proceedings, the Court must accept Johnson's allegations as true and construe them in the light most favorable to Johnson. Whether he can actually prove the elements of this cause of action is more appropriately considered at the summary judgment stage. Thus, for the foregoing reasons, the Court denies the Motion on the grounds that Johnson's § 1981 claim is time-barred.

### D. **Failure to Exhaust Administrative Remedies**

The City asserts that Johnson failed to exhaust administrative remedies as to his Title VII and FCRA claims. "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Anderson v. Embarq/Sprint, 379 F. App'x 924, 926 (11th Cir. 2010).

Johnson filed charges of discrimination with the EEOC in March 2008 and May 2009. The City argues that those claims did

---

[3] In his Response to the Motion, Johnson reiterates that a black police officer who made the highest grade on the promotion test was passed over for promotion just two days before he would be eligible. Johnson argues that allegation alone is sufficient for the Amended Complaint to survive the Motion to Dismiss. The Court disagrees. To the contrary, if that were the only allegation, Count I would be subject to dismissal based upon the four-year statute of limitations.

not allege failure to promote and that a failure-to-promote claim could not reasonably be expected to grow out of the charges. The EEOC charges related to Johnson's claims that he was discriminated against because of race and perceived disability when he was suspended because he refused to sign a release form related to his medical records.

Moreover, the City argues that the EEOC charges were not timely filed. Prior to filing suit pursuant to Title VII or the FCRA, a plaintiff must first exhaust administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged discrimination or within 300 days if the plaintiff commenced proceedings with the appropriate state agency in a deferral state. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1214 n.2 (11th Cir. 2001).

The City's arguments presuppose that Johnson's Title VII and FCRA claims are based solely upon the failure to promote. If that were the case, then Johnson's claims could be dismissed for failure to exhaust administrative remedies. See Anderson, 379 F. App'x at 926-27 (affirming the district court's dismissal of a failure-to-promote claim because the plaintiff did not include those earlier charges in his EEOC filing). However, the Court disagrees with the City's inference as to the basis for Counts II and III.

13

### 1. **FCRA Claim (Count II)**

Count II, including paragraphs 26 through 35 of the Amended Complaint, asserts a claim for race discrimination in violation of the FCRA. In paragraph 28, Johnson does allege that he "suffered disparate treatment in the terms and conditions of his employment from being denied promotions due to his race." (Doc. # 18 at ¶ 28). However, the preceding paragraph states that the Department discriminated against Johnson "because of his race, being black, in violation of the FCRA, by creating, tolerating and fostering a race hostile and abusive work environment." (Id. at ¶ 27). A claim for hostile work environment is very different from a claim for failure to promote.

"When the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." Morgan, 536 U.S. at 116 (internal quotations and citations omitted). The same analysis applies to the FCRA, which was patterned after Title VII. Wood v. Fla. Atl. Univ. Bd. of Trustees, 432 F. App'x 812, 816 (11th Cir. 2011). In this case, a hostile workplace claim could grow from Johnson's EEOC filings with regard to the events arising from his

14

refusal to release his medical records. See Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) ("judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint") (internal quotations and citation omitted). Moreover, EEOC charges filed without the assistance of counsel are to be construed liberally. Id. at 1281.

In addition, a claim for a hostile workplace has the nature of an ongoing violation. "A charge alleging a hostile work environment claim will not be time barred . . . so long as all acts which constitute the claim are part of the same unlawful practice and at least one act falls within the time period." Morgan, 536 U.S. at 122. In this instance, Johnson's EEOC charges appear to have been timely filed related to events occurring in 2008 and 2009. Johnson states that he filed suit within 90 days of receiving his right-to-sue letter from the EEOC dated July 22, 2011.

"In evaluating hostile environment claims, courts are to determine whether an environment is sufficiently hostile or abusive by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes

15

with an employee's work performance." Hipp, 252 F.3d at 1245 n.80 (internal quotations and citations omitted). The Hipp court noted that "motions for summary judgment or judgment as a matter of law are appropriate to police the baseline for hostile environment claims." Id. (internal quotations and citations omitted).

Based upon the foregoing analysis, and in light of the Eleventh Circuit's directive, the Court declines to dismiss Johnson's FCRA claim. The Amended Complaint creates an inference that the alleged hostile work environment related not only to the pre-2008 failure to promote but to the events occurring between December 2007 and July 2009 -- events that were the subject of Johnson's EEOC filings. Accepting Johnson's allegations as true and construing them in the light most favorable to Johnson, and further construing Johnson's EEOC filings liberally, the Court denies the Motion as to Count II.

### 2. Retaliation (Count III)

Again, the City presumes that Johnson's retaliation claim (Count III) arises from the failure-to-promote claim. Count III makes no reference to the failure to promote, however, and it is difficult to perceive why the Department would retaliate against Johnson for its failure to promote him. As discussed

16

above, Count III states vaguely that the Department retaliated against Johnson "as described in paragraph above"; in the hearing, Johnson stated that he was referring to paragraphs 10 through 14.

The Court finds that Johnson's retaliation claim could grow from his EEOC filings. Indeed, as discussed above, the EEOC found merit to Johnson's claims of retaliation. For the reasons stated with regard to Count II, and at this stage of the proceedings, the Court denies the Motion as to Count III.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant's Motion to Dismiss the Amended Complaint (Doc. # 22) is **GRANTED IN PART** and **DENIED IN PART**. Count I of the Amended Complaint is dismissed without prejudice. Johnson may file a second amended complaint by August 22, 2012.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of August, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record